IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Criminal Action No. 19-116 (MN) |
| CAISON AUSTIN, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM ORDER

At Wilmington, this 1st day of September 2021:

Defendant Caison Austin ("Defendant") was charged in September of 2019 with possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and possession of two firearms as a prohibited person. (Second Revised Presentence Investigation Report, Dated March 10, 2020 ("PSR") ¶ 4). The total offense involved Defendant's possession of 459 grams of methamphetamine, a stolen .22 caliber Ruger handgun, and a .40 caliber Smith & Wesson handgun with an extended magazine. (PSR ¶¶ 15-19). Defendant pleaded guilty and on September 10, 2020 was sentenced to 72 months of imprisonment.[1] Defendant has served approximately 25 months of that sentence.

On April 28, 2021, Defendant filed the instant motion (D.I. 32) asking this Court to modify his sentence to time served pursuant to 18 U.S.C. § 3582(c)(l)(A) ("the Motion") based on the threat to his health from the COVID-19 pandemic and certain preexisting medical conditions.

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

> (c) **Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that –

---

[1] The sentence imposed represented a substantial downward variance from the applicable sentencing guidelines range.

> (1) in any case –
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

There is also a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the

unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –

>  (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
>> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Further, there is an application note that provides:

> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Austin must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, and (3) a reduction is consistent with the factors set forth in section 3553(a).[2] Courts address these factors in sequence. *See United States v. Leonard*, No. CR 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020) (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)). Here, there is no question that the exhaustion requirement has been

---

[2] In *Leonard,* the court included an additional factor – that the defendant show "an absence of dangerousness." *Leonard,* No. CR-16-75-RGA, 2020 WL 3207085, at *2. Since *Leonard*, however, the relevance of this factor has come into doubt. Although the Third Circuit has not issued a precedential case addressing "absence of dangerousness", other courts of appeals have concluded that there is no "absence of dangerousness" factor and the policy statement with the "absence of dangerousness" step is not an "applicable policy statement." *See, United States v. Flagg*, No. CR 19-30-RGA, 2021 WL 1751293, at *1 (D. Del. May 4, 2021) (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (per curiam) (citing the Second, Fourth, Sixth, Seventh, and Tenth Circuits as five other courts of appeals that have "unanimously" held that section 1B1.13 does not apply to compassionate release motions filed by defendants (as opposed to the Bureau of Prisons Director)). For purposes of this motion, the Court assumes that the Third Circuit would come to the same conclusion as the other courts of appeal and does not weigh this factor in the analysis.

met. (D.I. 34 at 1). On January 13, 2021, Defendant requested compassionate release from the warden citing his preexisting conditions and the threat of COVID-19. And as noted above, Defendant filed the current motion on April 28, 2021, *i.e.*, more than 30 days after he submitted his compassionate release request with the warden.

Defendant is currently housed at FCI Fort Dix. (D.I. 34 at 5). The Government says that there have been "extensive [and continuing] changes to [BOP] operations, based on a plan that was prepared over many years, and refined in early 2020 in consultation with the Centers for Disease Control ("CDC") and the World Health Organization. (D.I. 34 at 3). As of this date, the BOP's Coronavirus information website shows that Fort Dix has no inmates currently with COVID-19, six staff members currently with COVID-19, two inmates who died from COVID-19, 1,683 inmates who have recovered from COVID-19, and 95 staff members who have recovered from COVID-19. Covid-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 31, 2021).

In his Motion (D.1. 32), Defendant argues he is entitled to immediate release because certain medical conditions present extraordinary and compelling reasons. Specifically, Defendant cites to his high Body Mass Index ("BMI"), prediabetes, and high blood pressure. Defendant also mentions that he previously contracted COVID-19 while incarcerated. *Id.* Defendant's medical records confirm that Defendant has a BMI that qualifies him as obese, a risk factor for COVID-19, but do not refer to hypertension[3] or prediabetes. Defendant's medical records also confirm that Defendant has been fully vaccinated since late April 2021.

Applying the standards set out in U.S.S.G. § 1B1.13, Defendant's preexisting conditions fall short of showing a risk of becoming "seriously ill" from COVID-19. The Third Circuit has

---

[3] Defendant reportedly receives routine blood pressure monitoring.

5

held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 803 F. App'x 157 n.16 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). Here, although obesity and hypertension, could qualify as "extraordinary and compelling" risk factors for COVID-19, they do not qualify where an inmate, such as Defendant, has already been vaccinated and/or has already recovered from COVID-19. And here Defendant has both already been vaccinated and already had an asymptomatic case of COVID-19, from which he recovered. Accordingly, the Court finds that Defendant has not identified an extraordinary and compelling reason for a sentence reduction.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 32) is DENIED without prejudice.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

6